**Terry PORTEE, Petitioner–Appellant,**

v.

**John ARMSTRONG and Stan Young, Respondents–Appellees.**

**Docket No. 03–2684.**

United States Court of Appeals, Second Circuit.

Dec. 13, 2004.

Robert J. Boyle, New York, New York, for Appellant.

Michael E. O'Hare, Supervisory Assistant State's Attorney, Rocky Hill, Connecticut, for Appellee.

PRESENT: OAKES, JACOBS, and CABRANES, Circuit Judges.

### SUMMARY ORDER

Terry Portee appeals from an order entered in the United States District Court for the District of Connecticut (Hall, *J.*) on December 27, 2003, dismissing Portee's petition for a writ of habeas corpus. It is assumed that the parties are familiar with the facts, the procedural context, and the specification of the issues on appeal.

The court has jurisdiction over the appeal pursuant to 28 U.S.C. § 2253.

This court reviews *de novo* a district court denial of habeas relief. *Bobb v. Senkowski*, 196 F.3d 350, 352 (2d Cir.1999). The underlying state court decision is reviewed pursuant to 28 U.S.C. 2254(d)(1) [AEDPA], under which habeas relief is appropriate only if the state court's determination was either "contrary to" or "an unreasonable application of" "clearly established" Supreme Court precedent. *Id.* When a state court expressly engages in harmless error review, we assess whether the state court unreasonably applied the standard in *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), requiring that error be harmless beyond a reasonable doubt. *Gutierrez v. McGinnis*, 389 F.3d 300 (2d Cir.2004).

Here, the state court expressly ruled that, even if Portee's rights were violated, any such error was harmless beyond a reasonable doubt. We need not decide whether Portee's rights under the confrontation clause were violated because in any event, for substantially the reasons the reasons stated by the district court, the determination by the state court that any such violation was harmless was not unreasonable. *See Fuller v. Gorczyk*, 273 F.3d 212, 220 (2d Cir.2001).

For the foregoing reasons, the district court's judgment is **AFFIRMED** and the petition is **DENIED**.